**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

$80,010.00 IN U.S. CURRENCY,

       Defendant,

  v.

JAMES WILSON, Jr.,

       Claimant - Appellant.

</td><td>

No. 10-55259

D.C. No. 2:08-cv-05189-DOC-SS

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 9, 2011[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ and TALLMAN, Circuit Judges, and ROSENTHAL, District Judge.\*\*\*

James Wilson, Jr. appeals from the district court's judgment ordering the forfeiture of $80,010 in United States currency to the government. Narcotics officers seized the currency from Wilson's luggage at the Los Angeles International Airport. Wilson argues that the district court erred in concluding that: (1) the government had probable cause to institute civil forfeiture proceedings; and (2) the government proved by a preponderance of the evidence at trial that the currency was the proceeds of illegal drug transactions.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the second requirement is more demanding, we address the second argument first. The record shows that the district court did not err by concluding that the government established, by a preponderance of the evidence, a substantial connection between the seized currency and illegal drug activity. *See* 18 U.S.C. § 983(c); 21 U.S.C. § 881(a)(6). Though the issue is close, we find that the evidence

---

\*\*\*    The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, sitting by designation.

[1]  In his opening brief, Wilson also argued that the district court erred by denying his merits summary judgment motion. Wilson withdrew this argument in his reply brief and we do not address it.

was sufficient to satisfy the government's burden of proof. *See United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1217 (9th Cir. 2001) (stating that the appellant's "inconsistent statements about the money and his reasons for being in Phoenix tend[] to support an inference that the money was drug-related"); *United States v. $29,959.00 in U.S. Currency*, 931 F.2d 549, 553 (9th Cir. 1991) (stating that having a large amount of cash is "strong evidence" of a connection to illegal drug activity); *United States v. $215,300 U.S. Currency*, 882 F.2d 417, 419 (9th Cir. 1989) (stating that concealing and lying about a large amount of money supports the inference that the money is related to narcotics trafficking). Wilson and his father testified at trial, attempting to show legitimate sources for the money, but the district court found their testimony not credible. We see no reason to overrule the district court's credibility finding. *See United States v. Padilla*, 888 F.2d 642, 645 (9th Cir. 1989) ("Trial court determinations based on witness credibility are given special deference." (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

The government initiated the forfeiture action against the seized currency based on substantially the same evidence presented at trial. Because this evidence was sufficient to satisfy the government's burden of proof at trial, it was also sufficient to satisfy the lower probable cause standard that the government must

3

meet to bring a civil forfeiture proceeding. *See $22,474*, 246 F.3d at 1215–16

(describing the standard the government must meet to bring civil forfeiture

proceedings).

AFFIRMED.